UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS AGUIRRE,<br><br>                      Plaintiff,<br><br>v.<br><br>AARON'S INC. DBA AARON'S SALES & LEASE OWNERSHIP,<br><br>                      Defendant. | Case No.: 17-cv-0297-L-BLM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

      In this putative wages and hours class action, Defendant Aaron's, Inc. dba Aaron's Sales & Lease Ownership filed a motion to dismiss for failure to state a claim. Plaintiff Carlos Aguirre opposed and Defendant replied. The Court decides this matter on the briefs without oral argument. *See* Civ. L. R. 7.1.d.1. For the reasons stated below, Defendant's motion is granted. Plaintiff is granted leave to amend.

**I.   BACKGROUND**

      Plaintiff was employed by Defendant as a store manager. Plaintiff alleges that Defendant misclassified him as exempt, and that, as a result of misclassification, he was not provided meal and rest periods, paid overtime or hourly wages for all hours worked, receive accurate wage statements, forfeited vested vacation pay, and was not timely paid his final wages in violation of numerous provisions of the California Labor Code and the

Federal Labor Standards Act ("FLSA").  Based on the alleged violations, Plaintiff also alleges violation of the California Unfair Competition Law.  The Court has federal question jurisdiction under 28 U.S.C § 1331 because Plaintiff alleges a federal claim under the FLSA.

## II. DISCUSSION

A motion under Rule 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted where the complaint lacks a cognizable legal theory.  *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted).  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party.  *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006).  Even if doubtful in fact, factual allegations are assumed to be true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  *Id.* at 556 (internal quotation marks and citation omitted).  On the other hand, legal conclusions need not be taken as true merely because they are couched as factual allegations.  *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

Generally, the Court does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Nevertheless, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Instead, the allegations "must be enough to raise a right to relief above the speculative level."  *Id.*  Thus, "[t]o survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

Plaintiff alleges that Defendant violated the FLSA by failing to pay for all hours worked, pay for overtime at the required rate, and keep accurate records of the hours worked. (Compl. at 22.) In support of its motion, Defendant argues that, as a matter of law, there is no private right of action to enforce the FLSA's recordkeeping requirement, and that Plaintiff alleged insufficient facts to state a claim for failure to pay for all hours worked and for overtime.

Plaintiff does not address Defendant's argument that the FLSA does not provide a private right of action to enforce the recordkeeping provisions set forth in 29 U.S.C. §§ 211(c) and 215(a)(5). The statute grants a private right of action to employees to enforce the minimum wage and overtime provisions. 29 U.S.C. § 216(b). It does not include a private right of action for recordkeeping violations. *See id.* Furthermore, the recordkeeping provisions are enforceable only by injunctive relief to restrain the violation, *id* § 217; *cf. id.* § 216, and Plaintiff is not seeking this relief.[1] (*See* Compl. at 22-24.) Therefore, to the extent the FLSA claim alleges violation of the recordkeeping provisions, Defendant's motion to dismiss is granted.

---

[1]   An action restrain the violation can be brought by the Secretary of Labor. *See id* § 217; *cf. id.* § 216.

To state a claim for violation of the FLSA's minimum wage and overtime provisions under 29 U.S.C. §§ 206 and 207, "at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014). Although Plaintiff alleges that he and the putative class members "would regularly work between eight to twelve hours per day" (Compl. at 7), he does not allege that he or any of the putative class members worked more than 40 hours in any given week. Plaintiff also does not affirmatively allege that he or any of the putative class members were paid less than their earned regular-time wages at any given time. Accordingly, Plaintiff has not stated a claim for a violation of the FLSA's minimum wage and overtime provisions.

For the foregoing reasons, Defendant's motion is granted with respect to the FLSA claim. No other federal claim remains. A district court "may decline to exercise supplemental jurisdiction [if it] has dismissed all claims over which it has original jurisdiction, ... ." 28 U.S.C. § 1367(c)(3); *see also Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (*en banc*). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values of economy, convenience, fairness, and comity." *Id.* at 1001 (referring to *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); internal quotation marks and citations omitted.) "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (quoted in *Acri*, 114 F.3d at 1001). Accordingly, the Court declines to exercise federal jurisdiction over the remaining state law claims.[2] Defendant's motion to dismiss is therefore granted pursuant to Rule

---

[2] Plaintiff does not include jurisdictional allegations as required by Federal Rule of Civil Procedure 8(a)(1). Based on the allegations which are provided, it is uncertain whether the Court has diversity jurisdiction, as Plaintiff's allegations are insufficient to

4

12(b)(6) as to the FLSA claim, and pursuant to 28 U.S.C. § 1367(c)(3) as to all remaining claims.

The Court must next consider whether Plaintiff should be granted leave to amend. *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks and citation omitted). Dismissal without leave to amend is not appropriate unless it is clear the complaint cannot be saved by amendment. *Id.* Because it appears that Plaintiff may be able to amend the FLSA claim, it is dismissed with leave to amend.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, it is ordered as follows:

1. Defendant's motion to dismiss is granted. Plaintiff's eighth cause of action for violation of the Fair Labor Standards Act is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. All remaining causes of action are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

---

determine the parties' respective citizenship. *See* 28 U.S.C. 1332(c) (requiring allegation of the place of incorporation and the principal place of business to allege corporate citizenship); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, (9th Cir. 2001) (requiring allegation of domicile to allege an individual's citizenship). (*Cf.* Compl. at 1-2.)

2. Plaintiff is granted leave to amend.  Should Plaintiff choose to file an amended complaint, it must include all allegations required by Federal Rule of Civil Procedure 8(a), including jurisdictional allegations.  The amended complaint, if any, must be filed and served no later than **September 29, 2017.**  Defendant shall file and serve its response, if any, no later than the time provided in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

Dated:  September 11, 2017

_____
Hon. M. James Lorenz
United States District Judge