UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS AGUIRRE,<br><br>                     Plaintiff,<br><br>v.<br><br>AARON'S, INC. DBA AARON'S SALES & LEASE OWNERSHIP,<br><br>                     Defendant. | Case No.: 3:17-cv-00297-L-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND STRIKE** |

In this putative wages and hours class action, Defendant Aaron's, Inc. dba Aaron's Sales & Lease Ownership ("Aaron's") filed a motion to dismiss for failure to state a claim, and to strike an allegation from the amended complaint. Plaintiff Carlos Aguirre opposed and Aaron's replied. The Court decides this matter on the briefs without oral argument. *See* Civ. L.R. 7.1.d.1. For the reasons stated below, Aaron's motion is granted in part and denied in part.

**I.    B<sub>ACKGROUND</sub>**

Plaintiff was employed by Aaron's as a store manager. He alleges that Aaron's misclassified him as an exempt employee, and that, as a result of misclassification, he was not provided meal and rest periods, paid overtime or hourly wages for all hours worked, did not receive accurate wage statements, was subject to forfeiture of vested vacation pay, and was not timely paid his final wages in violation of the Federal Fair

Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and numerous provisions of the California Labor Code. Based on these violations, Plaintiff also alleges violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"). He seeks monetary and declaratory relief on his own behalf and on behalf of a putative class. In addition, he seeks civil penalties pursuant to the Private Attorney General Act, Cal. Lab. Code §§ 2698 *et seq.* ("PAGA").

The Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges a federal claim under the FLSA. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

Aaron's motion to dismiss the initial complaint was granted with leave to amend. Pending before this Court is Aaron's motion to dismiss and to strike ("MTD") in response to the first amended complaint ("FAC"), mostly on the grounds that the factual allegations are insufficient. Plaintiff opposed ("Opp'n"), and Aaron's replied ("Reply").

## II. MOTION TO DISMISS

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). Even if doubtful in fact, factual allegations are assumed to be true. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks and citation omitted). On the other hand,

legal conclusions need not be taken as true merely because they are couched as factual allegations. *Id.; see also Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009).

Generally, the Court does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "Nevertheless, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Instead, the allegations "must be enough to raise a right to relief above the speculative level." *Id.* Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

### a. Wages and Hours Claims
#### 1. Misclassification

Plaintiff's wages and hours claims are based on Aaron's alleged misclassification of its store managers as exempt employees. (FAC at 3.) Plaintiff alleges he was "primarily engaged in and spent more than one half of his work time performing non-exempt and non-managerial work, including, but not limited to, assisting in sales, logging items, collecting balances, helping out with deliveries, and other customer service tasks." (*Id*. at 2.) Aaron's argues Plaintiff alleges misclassification without factual support. (MTD at 20:11-21:6.) The Court disagrees. Plaintiff's allegation that he spent over half

his time engaged in specific instances of non-exempt work while simultaneously classified as exempt is sufficient to survive a motion to dismiss.

### 2. FLSA and Failure to Pay Hourly Wages

Plaintiff alleges he "regularly worked more than eight hours a day, and forty hours each week" and that he "worked between 45 to 55 hours a week." (FAC at 2.) When Plaintiff opened the store, he arrived at nine in the morning, and when he closed the store, he stayed until after seven in the evening. (*Id*.) During the holiday shopping season, for example, on Black Friday, Plaintiff arrived as early as six in the morning and stayed as late as eight in the evening. (*Id*.) Aaron's argues that Plaintiff's FLSA and state law claims for failure to pay hourly wages should be dismissed because he does not allege a given workweek in which he worked over forty hours and does not allege any day when he worked overtime. (MTD at 9:22-12:13.) Aaron's contends that "typically work[ing] from 45 to 55 hours per week" does not state a claim in the absence of factual context. (*Id.* at 10:18-11:1.)

To state a claim for violation of the FLSA's minimum wage and overtime provisions under 29 U.S.C. §§ 206 and 207, "at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." *Landers v. Quality Commc'ns Inc.,* 771 F.3d 638, 646 (9th Cir. 2014, am. Jan. 26, 2015). Although *Landers* involved FLSA violations, its reasoning also applies to California Labor Code claims. *See, e.g., Boon v. Canon Bus. Sols., Inc.,* 592 F. App'x 631, 632 (9th Cir. 2015) (applying *Landers* to the sufficiency of a complaint which alleged violations of the California Labor Code). "A plaintiff may establish a plausible claim by estimating the length of [his] average workweek during the applicable period and the average rate at which [he] was paid, the amount of overtime wages [he] believes [he] is owed, or any other facts that will permit the court to find plausibility." *Landers,* 771 F.3d at 645.

Plaintiff supports his overtime claim by providing the source of the overtime: ten-hour days when he opened and closed the store, and fourteen-hour days during the

4

holiday shopping season. (FAC at 2.) In combination with the more general allegation that he "regularly worked more than eight hours a day, and forty hours each week" and that he "worked between 45 to 55 hours a week" (*id.*), it is not unreasonable to infer that he sometimes both opened and closed the store on the same day and worked at least some overtime. Further, because Plaintiff identifies Black Friday, when he worked fourteen hours and was not paid accordingly, as an example of his holiday season hours and pay, the Court can reasonably infer a specific week when Plaintiff worked more than forty hours. Plaintiff adequately alleges that he worked overtime in at least one workweek and was not paid for the extra hours.

Aaron's also argues that Plaintiff does not allege whether he worked any 45-55 hour weeks within the applicable statute of limitations. (MTD at 11:22-26.) This argument is equally unpersuasive. A statute of limitations defense may be raised on a motion to dismiss where the running of the statute is apparent on the face of the complaint. *Huynh,* 465 F.3d at 997 ("Accepting as true the allegations in the complaint, as we must when reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we must determine whether 'the running of the statute is apparent on the face of the complaint'") (quoting *Jablon v. Dean Witter*, 614 F. 2d 677, 682 (9th Cir. 1980) (citation omitted).

Under California law, failure to pay wages is a statutory violation rather than a penalty, therefore the three-year California statute of limitations applies. *Murphy v. Kenneth Cole Productions, Inc*., 40 Cal. 4th 1094, 1114 (2007); Cal. Code. Civ. P. § 338(a). Actions under the FLSA for failure to pay wages or overtime must be commenced within two years after the illegal conduct occurred, unless the violation was willful, in which event a three-year statute of limitations applies. 29 U.S.C. §§ 255, 255(a). Plaintiff alleges that Aaron's failure to pay wages and overtime due to misclassification was willful (FAC at 21), therefore the three-year statute applies to the FLSA claim.

/ / / / /

Under the FLSA, the statute of limitations begins to run when the employee receives a paycheck and does not receive overtime pay. A new cause of action accrues for each paycheck thereafter. *See Biggs v. Wilson,* 1 F.3d 1537, 1540 (9th Cir. 2015) (holding that accrual of statute of limitations under the FLSA begins when an employee is due the applicable wages but is not paid for them); s*ee also Cook v. United States*, 855 F.2d 848, 851 (Fed.Cir.1988) (the general rule is that a claim for unpaid wages or overtime under the FLSA accrues at the end of each pay period). Similarly, for purposes of California law, "[a] cause of action for unpaid wages accrues when the wages first become legally due—i.e., on the regular payday for the pay period in which the employee performed the work. When the work is continuing and the employee is therefore paid periodically (e.g., weekly or monthly), a separate and distinct cause of action accrues on each payday, triggering on each occasion the running of a new limitations period." *Cuadra v. Millan,* 17 Cal. 4th 855, 859-860 (1998) (disapproved on other grounds in *Samuels v. Mix,* 22 Cal. 4th 4, 8 (1999)).

Plaintiff identifies the time during which the alleged misconduct occurred as "beginning four years prior to commencement of this action." (FAC at 3.) Because Plaintiff's claims are for unpaid wages, each pay period during the four years prior to commencing this action potentially triggered the running of a new limitations period under both the FLSA and California law. Accordingly, the expiration of the statute of limitations is not apparent on the face of the complaint.

For the above reasons, Plaintiff has sufficiently alleged his claims for hourly and overtime wages under the FLSA, 29 U.S.C. §§ 206 & 207, and California Labor Code §§ 223, 510, 1197, 1197.1, and 1198.

### 3. Failure to Provide Meal Periods

Plaintiff alleges that due to Aaron's misclassification of its store managers as exempt employees, meal periods were never provided. (FAC at 8-9.) Plaintiff alleges that Aaron's "maintained a policy and/or practice of requiring Plaintiff and [class members] to work through their meal periods in order to finish their job duties," "he was

not told to clock in or out for meal periods, and was not instructed to keep track of them," and was routinely denied uninterrupted meal periods as required by law. (*Id*. at 8-9.) Plaintiff was also not paid additional wages when the meal periods were not provided. (*Id*. at 9.)

Aaron's argues Plaintiff inadequately alleges failure to provide meal periods because he does not specify when or how often he or anyone else was denied a meal break. (MTD at 13:17-20.) Aaron's contends that Plaintiff does not plead any facts showing what policy or practice it engaged to deny Plaintiff meal breaks, how it was implemented, or how it affected Plaintiff. (*Id*. at 16:13-15.)[1] The Court disagrees.

Plaintiff is not required to allege when or how often he was denied a meal period, when he alleges that, due to the policy of misclassifying store managers, meal periods were not provided at all.

> An employer shall not require an employee to work during a meal or rest . . . period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

Cal. Lab. Code § 226.7(b). If the employer does not authorize and permit a meal period as required by law,

/ / / / /

---

[1] Aaron's relies on federal district court and California decisions as authority for the proposition that Plaintiff's claim is insufficiently alleged. (MTD at 13:17-16:15.) Neither is binding authority. "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Green,* 563 U.S. 692 n.7 (2011). Furthermore, the procedural sufficiency of a pleaded claim or defense in federal court is governed by the Federal Rules of Civil Procedure, not California law. *Wyshak v. City Nat. Bank,* 607 F.2d 824, 827 (9th Cir. 1979).

it has violated the [law] and is liable. No issue of waiver ever arises for a . . . break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.

*Brinker Restaurant Corp. v. Super. Ct. (Hohnbaum),* 53 Cal.4th 1004, 1033 (2012).

Plaintiff alleges that meal periods were not offered at all. Accordingly, he does not have to show when and how Aaron's deprived him of his meal periods, whether he declined them, and how many he missed. Plaintiff adequately alleges violations of California Labor Code §§ 226.7, 512, and 1198.

### 4. Failure to Provide Rest Periods

Plaintiff alleges that, due to misclassification of store managers as exempt workers, Aaron's did not provide rest periods as required by California law. (FAC at 10-11.) Plaintiff claims that he was never provided with "net rest periods of at least (10) minutes for each four (4) hour work period" and, consequently, he was never paid additional wages when these rest periods were not provided. (*Id.* at 11.) Aaron's argues that Plaintiff's "failure to specify precisely how [Aaron's] failed to provide a rest break is fatal to his claim." (MTD at 17:3-7.) The same analysis as applied to the meal period claim applies here: Plaintiff alleges that Aaron's did not provide rest periods as a result of misclassification and is therefore not required more specifically to show how Aaron's failed to provide them. *See Brinker,* 53 Cal. 4th at 1033. Accordingly, Plaintiff adequately alleges violation of California Labor Code §§ 226.7, and 1198.

### 5. Forfeiture of Vested Vacation Pay

Plaintiff alleges Aaron's has a "floating holiday policy," which provides for accrual of vacation pay, but subjects to forfeiture any "floating holiday pay" not taken by the end of the year. (FAC at 15.) Plaintiff alleges that, due to misclassification, Aaron's forfeited his accrued vacation pay and suffered harm in the form of lost money or property in violation of California Labor Code § 227.3. (*Id.*)

Aaron's argues that Plaintiff's claim fails because it does not identify the specific vacation policy, and Plaintiff does not allege he forfeited any vacation days. (MTD at

8

3:17-cv-00297-L-BLM

17:15-18:16.) Aaron's further contends Plaintiff's claim is conclusory because he does not allege whether the floating holidays could be taken at any time or only on certain days, or how many floating holidays Plaintiff himself forfeited. (*Id.*) Plaintiff counters that alleging the existence of a policy which subjects employees to forfeiture of holiday pay not taken at the end of the calendar year and/or at termination of employment is adequate to satisfy the requirement that he has alleged a specific vacation policy. (Opp'n at 11:10-12:4.)

The Court agrees with Plaintiff. Plaintiff identifies the specific policy (floating holiday policy) and its basic terms (forfeiture of unused floating holiday pay), and further alleges he suffered harm as a result. (FAC at 15.) Whether the floating holidays could be taken at any time or only on certain days, or how many holidays Plaintiff has forfeited, are questions of fact which need not be resolved at the pleading stage. Consequently, Plaintiff adequately alleges violation of California Labor Code § 227.3.

### 6. Failure to Provide Accurate Written Wage Statements

Plaintiff alleges Aaron's did not provide an itemized statement as a detachable part of the check, draft, or voucher in violation of California Labor Code § 226(a). (FAC at 16.) Further, he contends that even if Aaron's had supplied a detachable part of the check, draft, or voucher, the statement would not have been accurate due to the violations alleged in the preceding claims. (*Id.* at 17-18.)

Aaron's argues only that it could have provided wage statements separately as hard copies or through electronic means. (MTD at 18:24-19:3.) Even if Aaron's argument is accepted at face value, Plaintiff sufficiently alleges this claim because any separate statement would be inaccurate for failure to account for meal periods, rest breaks, vacation pay, and overtime hours. Plaintiff therefore adequately alleges that Aaron's failed to provide accurate written wage statements in violation of California Labor Code § 226(a).

/ / / / /

### 7. Claims for Failure to Timely Pay All Final Wages and Violation of UCL

Aaron's argues for dismissal of Plaintiff's claims for failure to timely pay all final wages and violation of the UCL, because they are derived from the foregoing wages and hours claims. (MTD at 19:23-20:4.) As discussed above, Plaintiff's other claims survive the motion to dismiss. Accordingly, the derivative claims may proceed.

### b. Private Attorney General Act

Plaintiff does not oppose dismissal of the PAGA claim because it was "erroneously included." (Opp'n at 16:15-24.) To the extent Aaron's motion to dismiss requests dismissal of the PAGA claim, it is granted.

### III. MOTION TO STRIKE

Defendant moves to strike the allegation that it failed to comply with the recordkeeping requirement of the FLSA, 29 U.S.C. §§ 211(c). (FAC at 25.) This violation was alleged in the initial complaint. (Compl. (doc. no. 1) at 22.) Defendant moved to dismiss. (*See* Order Granting Defendant's Motion to Dismiss (doc. no. 34), at 3.) Plaintiff did not address this argument in his opposition; accordingly, to the extent he intended to state a claim for violation of the recordkeeping requirement, the claim was dismissed, as the FLSA does not provide a private right of action to enforce it. (*Id.*)

The amended complaint retains the same allegation, and Defendant moves to strike it. (MTD at 24.) Plaintiff counters that he does not intend to state a claim for the FLSA recordkeeping violation (Opp'n at 16), and the complaint does not present it as such (FAC at 25). Plaintiff argues that the allegation is included to preserve his right to argue that due to Defendant's failure, he should have the benefit of *Tyson Foods, Inc. v. Bouaphakeo,* __ U.S. __; 136 S. Ct. 1036 (2016). (Opp'n at 16.) *Tyson Foods* noted that when the employer fails to comply with the recordkeeping requirement of the FLSA, the employee does not have to prove the precise amount of the unpaid hours he or she had worked, and can prove damages by using a statistical sample. *Id*. at 1047.

Under Rule 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because the allegation that Defendant violated the FLSA recordkeeping provision does not fall into any of Rule 12(f) categories, Defendant's motion to strike is denied.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Aaron's motion to dismiss as to the PAGA claim, and **DENIES** the motion in all other respects.

**IT IS SO ORDERED.**

Dated: July 3, 2018

Hon. M. James Lorenz
United States District Judge