UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS AGUIRRE,<br><br>         Plaintiff,<br><br>v.<br><br>AARON'S, INC. DBA AARON'S SALES & LEASE OWNERSHIP,<br><br>         Defendant. | Case No.: 3:17-cv-00297-L-BLM<br><br>**ORDER GRANTING INTERVENOR'S MOTION AND TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** |

  In this putative wages and hours class action Arminda Sevilla filed a motion to intervene and stay this action or transfer it to the Central District of California, where a related class action is pending. Plaintiff has not filed an opposition. Defendant filed an opposition and Sevilla replied. For the reasons which follow, Sevilla's motion to intervene is granted. Her motion to transfer this action to the United States District Court for the Central District of California is granted.

  Carlos Aguirre, Plaintiff in this action, alleges he was employed by Defendant as a store manager, that Defendant misclassified him and other store managers in California as exempt employees, and that, as a result of misclassification, they were not paid overtime or hourly wages for all hours worked, did not receive accurate wage statements, were not given meal and rest periods, were subject to forfeiture of vested vacation pay,

/ / / / /

1

and were not timely paid final wages in violation of numerous provisions of the California Labor Code, among other claims.

Pending in the Central District of California is Sevilla's class action against the same Defendant alleging similar violations of California wages and hours laws. (*Sevilla v. Aaron's, Inc.,* U.S. Dist. Ct., C.D. Cal., case no. 17cv4053-DMG (Ex) ("*Sevilla*").) Sevilla moves to intervene in this action for the limited purpose of requesting that this action be transferred to the Central District or stayed.

Sevilla's request to intervene is unopposed. She moves to intervene under Federal Rule of Civil Procedure 24(b), which provides in pertinent part:

> (b) Permissive Intervention.
>
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> [¶]
> (B) has a claim or defense that shares with the main action a common question of law or fact.
> [¶]
> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

*See also Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 472 (9th Cir. 1992). Although the movant bears the burden of showing that she meets these requirements, they are broadly interpreted in favor of intervention. *Smith v. Los Angeles Unif. Sch. Dist.,* 830 F.3d 843, 853 (9th Cir. 2016).

A close nexus between Aguirre's and Sevilla's claims is not required for purposes of a limited-purpose intervention present here. *See Beckman Indus.,* 966 F.2d at 474. Both parties are asserting similar wages and hours claims against the same employer; accordingly, Sevilla has met her burden to show a common question of law or fact for purposes of permissive intervention.

Regarding the timeliness of Sevilla's motion, the Court considers "the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay."

*League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1308 (9th Cir. 1997). This case is in its early stages. The Court has ruled on two rounds of Defendant's Rule 12(b)(6) motions, and the parties are conducting discovery. Aguirre has not yet filed a motion for class certification. Defendant does not claim any prejudice from intervention. Sevilla filed the pending motion during the briefing of the class certification motion in her case. It does not appear that this action will be unduly delayed by Sevilla's intervention. Accordingly, Sevilla's motion was not untimely for purposes of her limited-scope intervention.

Sevilla intervenes for the limited purpose of moving to stay or transfer this action to the Central District because the actions are related. While Aguirre would stipulate to transfer (*see* Wahlander Decl. (doc. no. 52-1) ¶¶ 3, 5 & Ex. D; Opp'n (doc. no. 52) at 9), Defendant vigorously opposes it.

Sevilla bases her request for transfer on 28 U.S.C. §1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Accordingly, two findings are required for transfer: (1) that the action might have been brought in the transferee district, and (2) that the convenience of the parties and witnesses in the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir. 1985). The burden of showing that the alternative forum is more appropriate is on the moving party. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 499 (9th Cir. 2000).

Defendant does not dispute that this action could have been brought in the Central District. The general venue provision, 28 U.S.C. §1391(b), provides that venue is proper in

(1) a judicial district in which any defendant resides, . . .; [or]

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ..

/ / / / /

Aguirre's operative complaint alleges a putative class action on behalf of Defendant's store managers in California. (First Am. Compl. (doc. no. 35 ("FAC") at 5.) Defendant conducts business throughout the state, including five stores in Southern California and ten in Central California. (Shaffer-Figueroa Decl. (doc. no. 13-1) at 2-3.) Like *Sevilla,* this action could have been filed in the Central District.

The brunt of Defendant's opposition relates to the issue whether the convenience of the parties and witnesses in the interest of justice favor transfer. *See Hatch,* 758 F.2d at 414. This determination is made "according to an individualized, case-by-case consideration of convenience and fairness." *Jones,* 211 F.3d at 498 (internal quotation marks, citation and footnote omitted).

> For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99 (footnote omitted).

Aguirre filed this action in the Northern District of California. Defendant transferred it to this District without Aguirre's opposition. (*See* doc. no. 17.) Even if this District were Aguirre's chosen forum, his choice would not be accorded great weight because this action was filed as a class action. *See Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987).

Similarly, the location of the relevant events, the respective parties' contacts with the forum, relationship between the forum and Aguirre's claims, and ease of access to sources of proof are considered in the class action context. Aguirre was employed by Defendant in this District and briefly in the Central District. (Shaffer-Figueroa Decl. at 3.) Defendant argues that litigating Aguirre's contention that he was misclassified as an exempt employee "will implicate substantial eyewitness testimony from individuals

working and residing in the Southern District." (Opp'n at 12.)[1] Aguirre seeks to represent all Defendant's store managers in California. (FAC at 5.) Defendant conducts business throughout the state. (Shaffer-Figueroa Decl. at 2-3.) For purposes of the venue analysis, the importance of the physical location of the evidence from the Southern District stores where Aguirre was employed is diluted. Particularly with respect to class certification, the parties likely will explore Defendant's policies and practices throughout the state to argue the issues of typicality, commonality and predominance as required by Rules 23(a) and (b)(3). In any event, Defendant maintains many of its employment records electronically or at locations other than the store manager's store, for example, at the offices of the regional or human resources manager, who in Aguirre's case were not necessarily based in this District even when Aguirre was employed here, or at the headquarters in Atlanta, Georgia. (Shaffer-Figueroa Decl. at 5; *see also id.* at 4, 5 (locations of Aguirre's regional and human resources managers).)

A similar action is already pending in the Central District. Defendant in both actions is the same and represented by the same counsel. Transferring this action to the Central District is therefore not likely to increase the cost of litigation.

Sevilla contends that interests of justice weigh in favor of transfer because the cases could be consolidated in the Central District. (Mot. (doc. no. 50-1) at 19-20.) Although "feasibility of consolidation is a significant factor in a transfer decision," the Court need not speculate whether the actions could be fully consolidated in the Central District. *See A.J. Indus., Inc. v. U.S. Dist. Ct. C.D. Cal.,* 503 F.2d 384, 389 (9th Cir. 1974). Whether or not the actions can be consolidated, "the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *Id.*

/ / / / /

---

[1] Page numbers are assigned by the Court's Electronic Case Filing System.

Defendant strenuously opposes transfer because it does not want the cases consolidated. (*See* Opp'n at 14.) As this Court is not presented with a motion to consolidate, it expresses no opinion on the issue.

Instead, the Court turns to the issue whether the actions are sufficiently similar to further the convenience of the witnesses and parties. Although *Sevilla* is not the same as this action, there is a significant overlap. A class action has been certified in *Sevilla* for the claims of failure to pay all overtime earned, properly credit vacation time, reimburse business expenses, and provide accurate itemized wage statements on behalf of hourly employees, and failure to timely pay final wages on behalf of all former employees. (S*evilla* doc. no. 85 ("*Sevilla* Class Cert. Order").) Aguirre attacks some of the same policies or practices.

It is not fatal to the transfer motion that Sevilla's claims are asserted mostly on behalf of non-exempt hourly employees (*see Sevilla* Class Cert. Order at 29-30), while Aguirre's claims include the threshold issue whether store managers were misclassified as exempt. If Aguirre prevails on the misclassification issue, he will be able to assert some of the same claims as Sevilla on behalf of his putative class members. Regardless of Aguirre's success on this issue, however, there is likely to be an overlap of witnesses regarding Defendant's employment policies and practices.[2] Transfer to the Central District would therefore promote convenience of the witnesses and parties, as well as likely reduce the expense of litigation.

Defendant's contention that there is a conflict between the putative class members in this action and *Sevilla* class members, who allege failure to reimburse for uniform

---

[2] For this reason, Defendant's suggestion to stay some portions of this action would be counter-productive. Defendant does not oppose staying this action while the claims regarding regular rate of pay and vacation pay claims are litigated in *Sevilla*. (Opp'n at 5.) Because the same Defendant's representatives will likely testify regarding other employment practices and policies relevant to the pending action, under Defendant's proposal, they would have to be deposed twice.

expenses, is largely overstated. *Sevilla* raises the issue whether Defendant had a company-wide policy requiring employees to purchase uniforms, and whether this is permitted under California law. (*See Sevilla* Class Cert. Order at 22-23.) In *Sevilla*, Defendant argued it had no such requirement, and that any store manager imposing it would have been a "rogue." (*Id.* at 22.) Sevilla's claim for reimbursement of uniform expenses therefore does not implicate store managers as a class.

Finally, *Sevilla* has progressed further than the pending case. A class action has been certified in *Sevilla*, whereas Aguirre as not yet moved for certification. At this stage in the proceedings, the Central District possesses greater familiarity with the factual and legal issues relevant to both actions. Judicial efficiency therefore favors transfer as well.

For the foregoing reasons, Sevilla has met her burden of showing that the Central District is more appropriate for this action. *See Jones,* 211 F.3d at 499. The Court finds that this action could have been brought in the Central District, and that the convenience of the parties and witnesses in the interest of justice favor transfer. *See Hatch,* 758 F.2d at 414. This action is therefore transferred to the United States District Court for the Central District of California.

**IT IS SO ORDERED.**

Dated: April 29, 2019

_____
Hon. M. James Lorenz
United States District Judge